WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1888.

MATTER OF THOMPSON.

*In the matter of the estate of* LILLIE S. THOMPSON, *deceased.*

Questions relating to the sufficiency and justification of sureties, in the bond of an administrator of the estate of an intestate, are to be determined in accordance with the provisions of Code Civ. Pro., § 813.

Where, of two persons, offered as sureties on such a bond in a penalty of $15,000, one was able to justify only in the sum of $10,000,—

*Held*, that the other, justifying in an amount sufficient to cover the penalty for himself, might be allowed to "contribute to make up the sum" of $5,000 for the former.

APPLICATION for letters of administration.

DE WITT & SPOOR, *for petitioner.*

THE SURROGATE.—Mrs. Thompson, a widow, died intestate, leaving an only child, a minor. Mr. John Van Dyck had been appointed her general guardian, and as such, makes this application. It appears that the intestate left a personal estate amounting to about $7,500. The applicant presents a bond, in the ordinary form, and in a penalty of $15,000, in which his wife Eleanor F. Van Dyck, and one Austin S. Kibbee are the sureties, the wife justifying in the sum of $10,000, and Mr. Kibbee in $20,000. Is this bond sufficient under § 813 of the Code as amended by chap. 521 of the Laws of 1885, made applicable to such bonds?

Under the Revised Statutes (2 R. S., 77, § 42), it would have been so considered, as that section provided that "every person appointed administrator shall, before receiving letters, execute a bond to the people of this state, with two or more competent sureties, *to be approved by the Surrogate,* and to be jointly and severally bound." Their competency and sufficiency were left for the Surrogate to determine, in any way he saw fit. There was no provision requiring them to justify in any sum whatever. But now, § 812 of the Code requires that each of the two sureties, required in a case like this, shall make an affi-

davit to the effect that he is worth the penalty of the bond, etc. Then § 813 provides for just this case. Of the two sureties, one is able to justify in the amount of the penalty (and more too), and the other is not. Hence the court, exercising its discretion, will allow the sum in which the latter is required to justify to be made up by the justification of two or more sureties, of which she is one and Mr. Kibbee the other.

The fact that he has justified in a larger sum than the amount of the penalty, renders him an additional surety to make up, to the extent of the excess, the amount which the other one lacks. The last clause of the section would prevent him from thus aiding more than one surety. Two are required by law to justify, of whom he is one. He swears to an amount sufficient to cover the penalty for himself, and $5,000 in excess thereof, and he then contributes to make up the sum for the other. It seems to me it was so intended. The Commissioners, in their note to this section, say : " This section is so framed as to prevent a party, who is required to furnish two sureties, justifying in thirty thousand dollars each, from furnishing, for instance, one to justify in fifty thousand dollars, and two in five thousand each." In that case, he would be contributing to make up the sum for more than one. The inference is, that he might so contribute for one,—that if he had justified in fifty thousand and another in ten thousand dollars, the bond would be deemed sufficient.

That is this case, and the bond presented is, therefore, approved.